Quach v C&A Jerome Realty, LLC (2025 NY Slip Op 06293)

Quach v C&A Jerome Realty, LLC

2025 NY Slip Op 06293

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 20511/19|Appeal No. 5196|Case No. 2024-06629|

[*1]Tommy Quach, Plaintiff-Respondent,
v
C&A Jerome Realty, LLC, et al., Defendants-Appellants.

Sutton & Smyth, LLP, New York (Michael Lezamiz of counsel), for appellants.
Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered October 23, 2024, which, to the extent appealed from, denied defendants' cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the cross-motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleged that on January 8, 2018, he slipped and fell on snow and ice on the sidewalk adjacent to the premises occupied by defendant Cutie Beauty Supply Corp. (Cutie Beauty), which was owned by defendant C&A Jerome Realty, LLC. During his deposition, plaintiff testified that he "fell towards the side of the beauty parlor." Further, plaintiff testified that prior to reaching Cutie Beauty, he passed a pizza shop where he was employed, a Chinese restaurant called Wok Wok, and a barbershop, and that he did not notice snow or ice in front of those stores. Plaintiff also stated that, at the time of the accident, he did not see any water coming from Wok Wok. While this action was pending, plaintiff commenced a separate action against nonparty Wok Wok Corp. for the same slip and fall accident (Wok Wok Action). In the Wok Wok Action, plaintiff asserted that the accident occurred at a different location, that is, adjacent to the premises occupied by Wok Wok, rather than the premises occupied by Cutie Beauty. According to the verified complaint in the Wok Wok Action, plaintiff alleged that his accident and injuries were "caused solely by reason of the carelessness and negligence on the part of [Wok Wok]." In plaintiff's motion for a default judgment against Wok Wok, plaintiff's attorney affirmed that the site of plaintiff's accident was adjacent to Wok Wok. Further, plaintiff submitted an affidavit in support of the default judgment in which he swore that he was injured "as a result of a slip and fall accident adjacent to the property occupied by Wok Wok." Based upon plaintiff's affidavit and the other documents submitted (see CPLR 3215[f]), the court in the Wok Wok action granted plaintiff's motion for a default judgment against Wok Wok.
Supreme Court improperly denied defendants' subsequent cross-motion in this action for summary judgment dismissing the complaint. Defendants established their prima facie entitlement to judgment as a matter of law by submitting plaintiff's affidavit, the verified complaint, and the attorney affirmation in the Wok Wok Action, in which plaintiff obtained judgment based on the sworn statements that his accident occurred adjacent to Wok Wok. As plaintiff is bound by the accident description sworn to in the Wok Wok Action, his deposition testimony in this action failed to raise an issue of fact in opposition to defendants' summary judgment motion (see Polanco v Durgaj, 202 AD3d 638 [1st Dept 2014]; Gloth v Brusco Equities, 1 AD3d 294 [1st Dept 2003]).
Plaintiff's argument that defendants' cross-motion was untimely is unavailing. Defendants filed their summary judgment motion within 120 days after the note of issue was filed, in accordance with CPLR 3212(a) (see Brill v City of New York, 2 NY3d 648, 650 [2004]), and plaintiff does not contest that defendants complied with CPLR 2214 (b).
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025